UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jesse F. Swartz, Jr., aka Arthur Thyme,      Case No. 3:20-cv-2021

       Plaintiff

v.      MEMORANDUM OPINION
       AND ORDER

Roman Catholic Archdiocese of Toledo,

       Defendant

## Introduction and Background

*Pro se* plaintiff, who has asked to be referred to as Arthur Thyme, has filed an *in forma pauperis* complaint against the Roman Catholic Archdiocese of Toledo. (Doc. No. 1.)

His 23-page complaint is disconnected and difficult to parse, but it pertains to a planned trip he alleges he took to Ottoville, Ohio from San Diego, California in 2019 for the purpose of paying respects to his deceased grandparents. (*Id.* at 2.) The plaintiff contends he sent letters to local law enforcement in Ohio ahead of this trip, complaining of mistreatment and abuse he suffered by family members in the past, and requesting protection and transportation to his grandparents' gravesite during his visit. (*Id.* at 3.)

He asserts he also sent letters to Reverend Schetter at Ottoville's Catholic Church, stating that he would like to visit his grandparents' gravesite, that he did not wish to visit former family members, but that he wished to meet with a member of the Catholic clergy and his father under certain conditions. He indicated he wished to discuss various events and topics with his father and

1

a church representative, including "the Vatican's holdings relating to the years 1550 to 1600, the reports of missionary and ancillary Western European exploration visits to Africa." (*Id.* at 5.)

The plaintiff alleges he did not receive a response to his letters, but that he was able to get to Ottoville's St. Mary's cemetery on foot and with some assistance of law enforcement to visit his grandparents' graves. He also indicates he was able to meet with Reverend Schetter of Ottoville's Catholic church. (*See id.* at 9-14.) The plaintiff indicates that during this meeting, which was attended by Police Chief Herrick, he discussed with Reverend Schetter a "paddling instance" with his father that occurred in his past. (*Id.* at 14.) He asserts he "made it clear that he was speculating that the Catholic Church (specifically the Toledo Archdiocese), along with State or Federal governmental agencies (*i.e.*, the U.S. Dept. of Health and Human Services) . . . asked [the] plaintiff's father to perform the act unto [him]" and wanted to know the "reason for the request." (*Id.*)

He asserts that, in response, Reverend Schetter "suggested there was no connection between the Ottoville Catholic Church, Toledo's Archdiocese, and the plaintiff's childhood event with his father," and responded "no" when the plaintiff suggested that "the Vatican may know of the plan." (*Id.*) The plaintiff asserts that, although he did not say so at the time, he disagrees with Reverend Schetter.

The plaintiff alleges that after he discussed the incident with his father with Reverend Schetter, the two discussed "the Bible as economic method" and shook hands after their meeting. He asserts he then "discussed his options," *i.e.*, "3 homeless shelters in Ohio," with Police Chief Herrick. (*Id.* at 14-15.) He indicates that after some discussion, Police Chief Herrick drove him to Lima, Ohio, where he purchased a Greyhound ticket to San Diego, and gave him $30 for meals. (*Id.* at 15.)

In his complaint, the plaintiff lists the following four claims: (1) "Conspiracy to defame, harass"; (2) "Defamation" under Ohio and/or California law; (3) "Harassment pursuant to Ohio Revised Code § 2917.11(A)(2), (A)(3) and (5)"; and (4) violation of the Fourteenth Amendment's

2

Due Process Clause. (*Id.* at 2.) For relief, he seeks discovery; injunctive relief prohibiting his family members from sharing or discussing information about his "actions, reputation, state of mind . . . or anything having to do with his person in any way, shape or form"; declaratory relief "in the form of disowning [his] parents and siblings"; and $75,100 in damages. (*Id.* at 19.)

After the plaintiff filed his complaint and a motion to proceed *in forma pauperis* (Doc. No. 2), he submitted several other "pre-service" filings and "notices" in the case, including an "Ex Parte Request: Pre-Service Request" to use an alias and to add additional parties (the Allen County Sheriff's Department, Village of Spencerville's Police Department, Putnam County Sheriff's Department, and "all named and unnamed individuals." (Doc. No. 3.)

The plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, but for the reasons stated below, I must dismiss his complaint.

## Standard of Review and Analysis

Federal districts are required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468 (6th Cir. 2010).

In order to avoid a dismissal for failure to state a claim under § 1915(e)(2)(B), a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B)). A complaint "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and this determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678-79.

Although the complaint need not contain detailed allegations, its "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Further, although *pro se* pleadings are entitled to a liberal construction, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), the lenient treatment accorded *pro se* litigants "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Even according the plaintiff's complaint the deference to which a *pro se* pleading is entitled, it does not set forth allegations sufficient to state a plausible claim upon which he may be granted relief.

The plaintiff contends he was defamed and harassed during his visit to Ohio because he was treated as if he were dangerous by various "police entities" he encountered. (*Id.* at 15.) He also asserts that "each police department asking plaintiff about possessing 'weapons' committed defamation." (*Id.*) In addition, he speculates that various "falsehoods" about him were discussed by the "Catholic parish's management," law enforcement, and his family. (*See* Doc. No. 1 at 16-17).

The essential elements of a defamation claim, whether slander or libel, are that the defendant made a false statement of fact about the plaintiff, that the false statement was defamatory, that the false defamatory statement was published to a third party, that the plaintiff was injured, and that the defendant acted with the required degree of fault. *Boyd v. Archdiocese of Cincinnati*, 2015 -Ohio- 1394, ¶ 35, 2015 WL 1600303, at *9 (Ohio App. 2d Dist. 2015). The plaintiff's allegations are insufficient to demonstrate these elements.

Although the plaintiff speculates that false statements about him were made by the "Catholic parish's management" and others, he has not alleged cogent facts in his complaint plausibly suggesting that any individual or entity referenced in his pleadings (or that he seeks to add as a defendant) made or published a false statement about him to a third party that damaged his

4

reputation. His own conclusory assertions, and personal perceptions, that he was defamed and harassed are insufficient to support a plausible claim. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint state a claim for relief).

The plaintiff has alleged no plausible "harassment" claim for the additional reason that the provisions of the Ohio Revised Code to which he refers in support of this claim (*i.e.*, Ohio Revised Code § 2917.11(A)(2), (A)(3) and (5)) pertain to a criminal law. "Generally no private right of action in an individual's name is created by a purely criminal statute because criminal statutes only give rise to a right of prosecution by the state." *Noe v. Housel*, 153 N.E.3d 941, 947, 2020 -Ohio- 1537, ¶ 14 (Ohio App. 6th Dist. 2020).

Likewise, the plaintiff's complaint fails to allege a plausible civil conspiracy claim. The plaintiff asserts that his conspiracy claim is asserted against his "former father," his "former mother," four separate police entities referenced in his pleading, "Ottoville's Catholic Church, Rev. Schetter, the Archdiocese of Toledo, and all other individuals passing falsified, inaccurate or inflated information about [him] to any other person or entity." (*Id.* at 18.) But as I have stated above, the plaintiff's allegations are insufficient to make out a claim that any individual or entity referenced in the plaintiff's pleading unlawfully defamed or harassed him.

A civil conspiracy claim in Ohio is derivative and cannot be maintained absent an underlying tort that is actionable without the conspiracy. *Morrow v. Reminger & Reminger Co., L.P.A.*, 915 N.E.2d 696, 711–12, 183 Ohio App.3d 40, 60, 2009 -Ohio- 2665, ¶ 40 (Ohio App. 10 Dist. 2009). Further, an unlawful conspiracy is defined in Ohio as "'a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages.'" *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 650 N.E.2d 863, 866 (1995). The plaintiff has not alleged facts supporting a plausible inference that the defendant and others combined in this way.

5

Finally, the plaintiff has not alleged a plausible Constitutional Due Process claim. The plaintiff asserts that his Due Process claim is premised on damage to his reputation, which he contends the "defendants have substantially and negatively affected" and which he contends "maintains tangible property value." (Doc. No. 1 at 18.) However, the Supreme Court has "held that the interest in reputation alone is not sufficient to invoke the procedural guarantees contained in the Due Process Clause of the Fourteenth Amendment." *Naegele Outdoor Advertising Co. of Louisville, a Div. of Naegele, Inc. v. Moulton*, 773 F.2d 692, 701 (6th Cir. 1985), citing *Paul v. Davis*, 424 U.S. 693, 711 (1976).

## Conclusion

Accordingly, for all of the foregoing reasons, the plaintiff's complaint fails to state a plausible claim upon which he may be granted relief and is dismissed pursuant 28 U.S.C. § 1915(e)(2)(B). In light of this dismissal, his remaining pending motion is denied as moot. I further certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

So Ordered.

    s/ Jeffrey J. Helmick
United States District Judge